IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CLIFTON D. TAYLOR, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 11-1294-CV-W-ODS<br>Crim. No. 09-00112-01-CR-W-ODS |

## ORDER AND OPINION DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 (DOC. 1)

Pending is Clifton D. Taylor's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The Court denies the motion.

## I. BACKGROUND

A jury convicted Taylor of bank robbery. The Court sentenced him to 105 months' imprisonment. Taylor's conviction was affirmed on direct appeal. *See U.S. v. Taylor*, 652 F.3d 905 (8th Cir. 2011).

Taylor's § 2255 motion raises four grounds for relief. None of them require an evidentiary hearing.

## II. DISCUSSION

The Court is required to grant Taylor an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

## A. Ground 1

Taylor argues the Court should have allowed him to obtain discovery of surveillance footage from a tobacco store. He maintains the footage would have shown "the various camera views" and his "time of entry, departure and actions with the tobacco store." Reply, Doc. 8, p. 4. Taylor asserts he would not have been convicted if this evidence had been provided to him.

Taylor's argument raises neither a constitutional nor a jurisdictional issue. Taylor "simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. U.S.*, 25 F.3d 704, 706 (8th Cir. 1994). Taylor's argument could have been raised on direct appeal but was not, so he cannot raise it in a § 2255 motion. (Taylor could have used the fact that his appellate counsel failed to raise this claim on direct appeal to allege and show an independent claim of ineffective assistance of counsel, but he has not done so. *See id.*)

Taylor counters the United States committed a *Brady* violation by failing to respond to his pretrial motion seeking the surveillance footage. He asserts a *Brady* violation itself constitutes cause and prejudice sufficient to excuse his procedural default. But cause and prejudice still must be shown even when a *Brady* violation is alleged, and Taylor has failed to show these things. *See Smith v. U.S.*, 256 Fed. Appx. 850, 852 (8th Cir. 2007) (holding movant failed to overcome procedurally default of alleged *Brady* violations).

The United States contends Taylor has not established a *Brady* violation because "the surveillance video" was disclosed to him. Response in Opposition, Doc. 6, p. 17. But Taylor is not arguing the video played at trial —which the United States is referencing—was not disclosed to him. He is arguing that *other, additional* surveillance videos from the same store were not disclosed to him.

"'To show a *Brady* violation, the defendant must establish that (1) the evidence was favorable to the defendant, (2) the evidence was material to guilt, and (3) the government suppressed evidence.'" *U.S. v. Jeanpierre*, 636 F.3d 416, 422 (8th Cir.

2

2011) (citation omitted). Taylor alleges "[a]dditional surveillance of the tobacco store was availble [sic] to the gov. [sic]." Reply, Doc. 8, p. 4. But Taylor has not pointed to any evidence proving that additional videos existed or (if they existed) that the government had actual or constructive possession of them.

Nor has Taylor established the content of the videos (if they existed) were favorable to him. On this point Taylor asserts that "if the additional videotaped views were disclosed, and proved that the timing sequence and actions within the tobacco store contradicted the video surveillance relied on by the gov. [sic] the conviction of guilt would not have been attained." Reply, Doc. 8, p. 5. Taylor's mere speculation that the additional videotaped views would have contradicted the video footage played at trial is insufficient for a *Brady* claim. *See U.S. v. Brown*, 360 F.3d 828, 833 (8th Cir. 2004). And even if contradiction was shown, there was other overwhelming evidence against Taylor at trial. Taylor's first ground for relief is denied.

### B. Grounds 2 and 3

Taylor next argues his pretrial standby counsel, Travis Poindexter, failed to disclose and/or produce what Taylor describes as "'critical federal scientific evidence of actual innocence.'" Motion, Doc. 1, p. 5. Taylor also contends his appellate counsel was ineffective for failing to mention this evidence on appeal.

For ineffective assistance of counsel claims, the Court first determines whether counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). The Court then asks whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The evidence Taylor is referencing is attached to his § 2255 motion, and he refers to it as "Exhibit B." Attachment, Doc. 1–1, p. 6. It appears to be a report in chart form completed by a DNA analyst. Among other things, it lists the materials the prosecution's DNA expert testified at trial she analyzed (Taylor's known buccal swab, a

3

swab of a left coat pocket, swabs from a green hat, and swabs from a brown hat). The report also contains other information under columns with titles like "Quantification Runs" and "Amount of DNA archived."

The United States asserts the report is the independent DNA study commissioned by Mr. Poindexter and admitted into evidence by Taylor at trial. Response in Opposition, Doc. 6, p. 20. But this appears to be incorrect. At trial the prosecutor read from the independent study while cross-examining Mr. Poindexter, and what the prosecutor read at trial is not in the report Taylor is now referencing. Tr. 377-78.

Taylor alleges the report states "[his] DNA did not match the DNA tested from discarded clothing." Motion, Doc. 1, p. 5. Taylor also alleges the report states that "multiple people seen [sic] one person throw the items in a truck which ultimately was another profile . . . ." *Id.* According to Taylor, the report "contradicts the testimony of the two gov. [sic] witness bank employees whom [sic] stated I threw the items in the truck . . . ." Attachment, Doc. 1–1, p. 2. Strangely, Taylor also asserts the report "bolsters the prosecutions [sic] entire theory for conviction." Reply, Doc. 8, p. 8.

What the report actually states is not what Taylor alleges. Under a column titled "CODIS specimen category," the report states "other" for Bio ID 091528, which appears to be the swab from the left coat pocket. The DNA analyst's apparent explanation for "other" is handwritten below the chart:

> 091528: other because it only has a small amount of genetic information and based on case records only 1 person was involved in the crime and multiple people saw 1 person throw the clothes in a truck as he ran by, so it was (the other people[)] not directly involved in the crime.

Taylor is apparently relying on this language in contending the report shows "his DNA did not match the DNA tested from discarded clothing."

At trial the prosecution's DNA expert answered yes when asked whether she was able to "develop a workable sample" when analyzing the swab from the left coat pocket. Tr. 362. She also testified that the three samples—from the brown hat, the green hat,

4

and the left coat pocket—"all were a mixture of genetic DNA. That means there's more than one person present in that DNA." Tr. 366. The DNA expert nevertheless testified that Taylor's DNA matched the DNA found on the samples.

The report Taylor relies on does not prove he is innocent or undermine confidence in the outcome of the proceedings; in fact, it is completely consistent with the DNA expert's trial testimony. For this reason the Court denies Taylor relief on his claims of ineffective assistance. The Court therefore does not need to determine whether Taylor is arguing Mr. Poindexter failed to disclose the report to him after he was allowed to proceed pro se or whether he is arguing Mr. Poindexter failed to introduce the report at trial. (The latter claim would fail because Taylor represented himself at trial. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

### C. Ground 4

In Ground 4 Taylor complains about the admission into evidence of the independent DNA study commissioned by Mr. Poindexter. Taylor argues Mr. Poindexter was ineffective for testifying about it and that his appellate counsel was ineffective for failing to raise the issue on appeal. But Taylor himself moved for the admission of the independent study at trial, called Mr. Poindexter testify about it, and questioned Mr. Poindexter about it in an effort to prove Mr. Poindexter was cooperating with the prosecution. Tr. 370–76. Taylor's claims of ineffective assistance of counsel are frivolous.

Taylor also asserts due process prohibits the use of evidentiary presumptions that relieve the prosecution of its burden of proof and that a deficient jury instruction on reasonable doubt invalidates a conviction. Taylor does not apply these principles to his case or attempt to explain why or how they entitle him to relief. The Court concludes they lack merit.

5

## III. CONCLUSION

Taylor's § 2255 motion is denied.

IT IS SO ORDERED.

DATE: May 3, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT